**SO ORDERED.**

**SIGNED this 23rd day of July, 2013.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et al.,** <br><br> DEBTORS. | CASE NO. 08-22786 <br> (jointly administered) <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee for the Bankruptcy Estate of Brooke Corporation, et al., <br><br> PLAINTIFF, <br><br> v. <br><br> **CJD & ASSOCIATES a/k/a DAVIDSON BABCOCK, INC.,** <br><br> DEFENDANT. | ADV. NO. 11-06236 |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO MODIFY TRUSTEE'S SUBPOENA DIRECTED TO VGM BROKERAGE, INC.

The matter before the Court is the Motion to Modify Trustee's Subpoena Directed to VGM Brokerage, Inc.(VGM) filed by CJD & Associates (CJD).[1]  The Court has jurisdiction.[2]

This is an action by the Trustee of Brooke Corporation and related entities to recover allegedly preferential and fraudulent transfers made by Debtors to CJD.  The Trustee has served a subpoena on VGM, believed by the Trustee to be a successor to CJD and to have custody of records of CJD, for production of 28 categories of records.  VGM objects in part.  It requests that some requests in the subpoena be modified as to the time period covered and argues that some of the requested documents and communications are protected by the attorney client privilege.

**CJD's motion to limit the time period of certain requests is denied.**

Specifically, CJD contends that the time periods in items 13, 14, 15, 27, and 28 are excessive since they are not limited to the two years prepetition, when the allegedly voidable transfers occurred, but seek records for various postpetition time periods, including up to the present.  The Trustee responds that, since assets were transferred postpetition from defendant CJD to Davidson Babcock and, in turn, to VGM, he "has

---

[1] Dkt. 42.

[2] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984.  Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  There is no objection to venue or jurisdiction over the parties.

2

reason to believe that there would have been post-petition documents created which directly touch on Debtors and the adversary action brought by the Trustee against CJD."[3] And further, that "it is completely logical to assume that someone who worked for CJD prior to the Debtor's bankruptcy filing, may have in turn worked for either Davidson Babcock and/or VGM and has authored documents commenting on the underlying facts."[4]

The scope of discovery is governed by Rule 7026(b)(1). It provides parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Unfortunately, it is impossible to offer a general rule about the time period suitable for attention during discovery."[5] "Discovery is permitted to acts and events transpiring subsequent to those giving rise to the cause of action where there is a possibility that the information sought maybe relevant to the subject matter of the pending action . . . ."[6] For example, since relevancy is broadly defined when defining the scope of discovery, Magistrate Waxse has found proper a request for documents from January 1, 1995 to the present (2001) in litigation concerning purchases of securities from July 1, 1996 through April 21, 1997.[7]

---

[3] Dkt. 44, 2-3.

[4] *Id*. at 3.

[5] 8 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, and Adam N. Steinman, *Federal Practice and Procedure* § 2008.5 (3d ed. 2008 current through April 2013).

[6] *Goldinger v. Boron Oil Co.*, 60 F.R.D. 562, 654 (D.W.D. Pa. 1973).

[7] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

In this case, the Court finds the Trustee's requests for documents and communications proper even though the requests cover time periods after the allegedly voidable transfers. The Court agrees with the Trustee that because of the transfers of assets it is logical to assume that VGM may have in its possession records and communications for the periods of time stated in the requests involving relevant matters, such as the facts alleged in the adversary complaint.

**CJD's assertion of the attorney client privilege is premature.**

CJD also objects to request number 5 based upon the attorney client privilege. The request seeks communications between third parties and Jeff Friedman and Michael Verde, both of whom are attorneys. VGM requests that these names be struck from the request. The Trustee responds that CJD, the movant, may not have the right to assert the attorney client privilege.

The Court declines to rule on the attorney client privilege issue at this time. No particular documents are identified as privileged, and the Court declines to assume that all communications involving these individuals are privileged. The claim of privilege is premature.

**CONCLUSION.**

For the foregoing reasons, CJD's Motion to Modify Trustee's Subpoena Directed to VGM Brokerage, Inc. is denied.

4

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

###

5